UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61179-RAR

FANNY B. MILLSTEIN,

    Plaintiff,

v.

MARSHAL SEEMAN, *et al.*,

    Defendants.

_____/

### ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND APPROVING NOTICE PROGRAM

**THIS CAUSE** comes before the Court on the Unopposed Motion for Preliminary Approval of Class Settlement, for Certification of Settlement Class, and Notice to the Settlement Class ("Motion") [ECF No. 113] filed on September 6, 2022. The Class moves for Preliminary Approval of the Settlement Agreement ("Settlement" or "Agreement") attached as Exhibit 1 to the Motion, which will resolve all claims against Defendant Seeman Holtz Property Casualty, Inc. ("SHPC") in this lawsuit. The Court conducted a hearing on the Motion on September 19, 2022, [ECF No. 118], and finds that preliminary approval is warranted as set forth herein.

### BACKGROUND

On June 7, 2021, Plaintiff filed suit on behalf of herself and all others similarly situated who purchased notes issued by one or more of the Defendants identified as the "PL Entities" in the Complaint. [ECF No. 1]. On August 24, 2021, Plaintiff filed her Amended Complaint. [ECF No. 55]. Plaintiff alleged that Eric Holtz, Marshal Seeman, and Brian J. Schwartz created and opened the PL Entities as part of a scheme and racketeering enterprise (the "SH Enterprise"), which included Defendant SHPC, to defraud Plaintiff and all others similarly situated. Plaintiff alleged

that the conduct of the SH Enterprise, its principals, and co-conspirators violated, among others, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Florida Securities and Investor Protection Act, and Florida RICO. Plaintiff brought this lawsuit seeking monetary damages based on her claim that SHPC was an instrumentality of, or participated in, a RICO enterprise executed by SH&S. Plaintiff alleged that as a result of this participation, the SH Enterprise transferred more than $5,000,000.00 away from the SH Enterprise to SHPC, whose ownership was transferred from the control of the SH Enterprise to a third party. Defendant SHPC denied Plaintiff's claims in its Answer to the Amended Complaint, filed on December 6, 2021. [ECF No. 74].

The Parties have actively litigated this lawsuit for more than a year. The Parties engaged in direct, arms-length negotiation over several months. Plaintiff consented to extend deadlines for SHPC to respond to the Complaint in order to try and reach a settlement. On July 20, 2022, the Parties reached an agreement on the material terms of a Settlement. Since then, the Parties had numerous discussions finalizing the terms of the Settlement Agreement. Once those terms were agreed in principle, the Parties finalized and executed the Settlement Agreement on August 5, 2022. [ECF No. 113-1].

The Settlement Administrator, who is the Corporate Monitor in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida in Case No. 50-2021-CA-008718-XXX-MB, in accordance with the Agreement, will calculate what is owed to each Settlement Class Member in concert with the terms of the Monitorship Court's June 29, 2022 Amended Agreed Order Approving the Noticing and Claims Administration Process ("Claims Administration Order"). The Corporate Monitor will distribute funds he recovered in this matter and distribute the net proceeds of this Settlement (after deduction of attorneys' fees and costs of administration

approved by this Court) to Class members along with all amounts recovered by the Corporate Monitor pursuant to a plan that the Corporate Monitor will propose to the Monitorship Court for review and approval.  [ECF Nos. 113-3, 113-4].

Upon considering the Motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court currently has jurisdiction over the subject matter and the Parties to this Action; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and Constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application"), and their rights to opt-out of the Settlement Class or object to the Settlement and/or Class Counsel's Fee Application; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's Fee Application; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.  Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.	As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2.	The Court currently has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332.

3.	Venue is proper in this District.

### Provisional Class Certification and Appointment of Class Representatives and Class Counsel

4.	It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). "There is a strong judicial policy in favor of settlement, in order to conserve scarce resources that would otherwise be devoted to protracted litigation." *Id.* In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5.	The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present, and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore provisionally certifies the following Settlement Class:

> All persons who purchased or held a beneficial interest in one or more of the Notes within the applicable limitations period. Excluded from the Class are Defendants, any entity in which any Defendant had a controlling interest, Defendants' officers, directors, legal representatives, successors, and assigns, and Defendants' immediate family members.

6.   Specifically, the Court finds, for settlement purposes only and conditioned on final certification of the proposed class and on the entry of the Final Approval Order, that the Settlement Class satisfies the following factors under Rule 23(a) and (b):

(a)   Numerosity:   The numerosity requirement of Rule 23(a)(1) is satisfied because the Settlement Class consists of more than one thousand investors in notes issued by the PL Entities that were at the heart of the scheme allegedly perpetrated by SH&S. *See* Fed. R. Civ. P. 23(a)(1); *Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members).

(b)   Commonality:   The commonality requirement of Rule 23(a)(2) is satisfied. "[C]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury," and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (internal citations omitted). Here, there are multiple questions of law and fact—centering on misrepresentations and omissions related to the sale of notes issued by the PL Entities and the transfer to and commingling of funds with SHPC—that are common to the Settlement Class; are alleged to have injured all Settlement Class Members in the same way; and would generate common answers central to the viability of the claims were the lawsuit to proceed to trial.

(c)   Typicality:   Plaintiff's claims are reasonably coextensive with those of the absent class members, such that the Rule 23(a)(3) typicality requirement is satisfied.   *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal

theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members"). Plaintiff is typical of absent Settlement Class Members because she was subjected to the same misrepresentations and omissions made by or on behalf of the PL Entities and because she and the members of the Class will benefit proportionately from the relief provided by the Settlement.

(d)   Adequacy:   Adequacy under Rule 23(a)(4) relates to (1) whether the proposed class representative has interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake this litigation. *Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 314 (S.D. Fla. 2001). The determinative factor "is the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the members of the class." *Lyons v. Georgia-Pacific Corp. Salaried Employees Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000) (internal quotation marks omitted). Plaintiff's interests are coextensive with, not antagonistic to, the interests of the Settlement Class, because she and the absent Settlement Class Members have the same interest in the relief afforded by the Settlement, and the absent Settlement Class Members have no diverging interests. Further, the Plaintiff and the Settlement Class are represented by qualified and competent counsel who have extensive experience and expertise prosecuting complex class actions.

(e)   Predominance and Superiority:   The Rule 23(b)(3) predominance requirement is satisfied because liability questions common to all Settlement Class Members substantially outweigh any possible issues that are individual to each Settlement Class Member. For example, each Settlement Class Member's claims are based on the purchase of notes issued by the PL Entities and the misrepresentations and omissions concerning them, all of which

presented virtually identical misstatements. *See Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1171 (11th Cir. 2010) ("It is the form contract, executed under like conditions by all class members, that best facilitates class treatment."). Further, resolution of the many claims among Class Members here in one action is far superior to individual lawsuits, because it promotes consistency and efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3).

7. The Court appoints Plaintiff Fanny Millstein as Class Representative.

8. The Court appoints David M. Buckner of Buckner + Miles, James D. Sallah of Sallah, Astarita, and Cox, LLP, Scott L. Silver of Silver Law Group, and Gary A. Menzer, Esq., of Menzer & Hill, P.A. as Class Counsel.

9. The Court recognizes that Defendants reserve all defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. Defendants also reserve defenses to the merits of the claims asserted in the event the Settlement does not become Final for any reason.

**Preliminary Approval of the Settlement**

10. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 *Newberg on Class Actions* § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-CV-60646, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation*, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness

may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).[1]

11.     The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties, and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

## Approval of Class Notice and the Claims Process

12.     "Rule 23(e)(1)(B) requires the court to direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *Manual for Compl. Lit*. § 21.312 (internal quotation marks omitted). The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover*

---

[1] At the final approval stage, courts in the Eleventh Circuit look to the *Bennett* factors when determining whether a settlement is ultimately fair, adequate, and reasonable. *Bennett v. Behring Corp*., 737 F.2d 982, 986 (11th Cir. 1984). At the preliminary approval stage, courts have, at times, engaged in a "preliminary evaluation" of these factors to determine whether the settlement falls within the "range of reason." *See, e.g.*, *Smith*, 2010 WL 2401149 at *2. The Court observes that preliminarily, as argued by the Class, the following *Bennett* factors weigh in favor of approval: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the complexity, expense, and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of the proceedings at which the settlement was achieved. *Bennett*, 737 F.2d at 986.

*Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  To satisfy this standard, "[n]ot only must the substantive claims be adequately described but the notice must also contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt out of the action." *Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1227 (11th Cir. 1998) (internal quotation marks omitted); *see also Manual for Compl. Lit.*, § 21.312 (listing relevant information).

13. The Court approves the form and content of the Class notices, substantially in the forms attached to the Settlement, as well as the Claim Form attached thereto.  The Notice Program is designed to provide the best notice practicable, and it is tailored to take advantage of the information the Corporate Monitor already has about Settlement Class Members, and his ongoing interactions with them as part of the Monitorship.  The Notice Program provides notice in substantially the same manner as notice was provided previously in connection with the Corporate Monitorship.  The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances.  The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application, and their rights to opt-out of the Settlement Class or object to the Settlement.  The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice.  The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

14. Daniel Stermer, the Corporate Monitor, shall serve as the Administrator.

15. The Administrator shall implement the Class Notice program, as set forth below and in the Settlement, using the Class Notices substantially in the forms attached to the Settlement and approved by this Preliminary Approval Order.  Notice shall be provided to the members of

the Settlement Class pursuant to the Class Notice program, as specified in the Settlement and approved by this Preliminary Approval Order. The Class Notice program shall include, to the extent necessary, the Publication Notice, and Long-Form Settlement Notice, as set forth in the Settlement and below.

### A. *Publication Notice and Settlement Notice*

16. The Administrator shall administer the Publication Notice and Settlement Notice as set forth in the Settlement.

17. The Settlement Administrator will provide E-Mailed Notice to all Settlement Class Members. The Settlement Administrator, as Corporate Monitor, has obtained e-mail addresses for members of the Settlement Class and shall also re-mail the E-Mailed Notice once for any returned e-mails. The content of the E-Mailed Notice is the Long Form Notice. The Settlement Administrator will provide Mailed Notice to all Settlement Class Members for whom the Settlement Administrator has no e-mail contact. The content of the Mailed Notice is the Long Form Notice.

18. The Notice Date shall be seven (7) days following the entry of this Preliminary Approval Order.[2]

### B. *Settlement Website*

19. Prior to the Notice Date, the Administrator shall establish a Settlement Website as a means for Settlement Class members to obtain notice of, and information about, the Settlement. The Settlement Website shall include an online portal to file claims, hyperlinks to the Settlement, the Long-Form Settlement Notice, the Preliminary Approval Order, and other such documents as

---

[2] This case is unique because it is being litigated in parallel with state proceedings for which the Administrator has already begun portions of the Notice process. For that reason, certain deadlines are expedited to avoid delay and duplicity of the Administrator's work.

Class Counsel and counsel for Defendant agree to include. These documents shall remain on the Settlement Website until at least sixty (60) days following the Claim Deadline.

20. The Administrator is directed to perform all substantive responsibilities with respect to effectuating the Class Notice program, as set forth in the Settlement.

21. The Administrator shall prepare and send all notices required by the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq* ("CAFA").

### Final Approval Hearing, Opt-Outs, and Objections

22. A Final Approval Hearing shall be held before this Court on **December 20, 2022 at 10:00 A.M.** to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's Fee Application should be granted.

23. Any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Notices at any time during the Opt-Out Period. To be valid and timely, opt-out requests must be completed in accordance with the Settlement and Notice, verified, and received **on or before the last day of the Opt-out Period** ("Opt-Out Deadline"). Opt-out requests must be received by the Opt-Out Deadline at the addresses indicated in the Long-Form Settlement Notice.

24. Any Settlement Class Member may object to the Settlement or Class Counsel's Fee Application. Any such objections must be received by the Clerk of the Court, Class Counsel, and Defendant's Counsel, at the addresses indicated in the Long-Form Settlement Notice. The Parties may seek leave from the Court to depose objectors prior to the Final Approval Hearing. For an objection to be considered by the Court, the objection must be received no later than the Objection Deadline, October 31, 2022. To be valid, an objection must include the following information:

(a) The case name and number;

(b) The full legal name, address, telephone number, and, if available, the email address of the Person objecting;

(c) The approximate dates of their investment(s) with National Senior Insurance, Inc. d/b/a Seeman Holtz ("Seeman Holtz") or any other defendant in the Litigation, and the amount of each investment;

(d) A written statement of Objection(s), including the grounds for those Objection(s), and any legal or factual support for each Objection;

(e) A description of all evidence to be presented at the Final Approval Hearing in support of the Objection, including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any papers, briefs, or other documents upon which the Objection is based;

(f) The name and address of the lawyer(s), if any, who is representing the Person making the Objection or who may be entitled to compensation in connection with the Objection;

(g) A statement of whether the Person objecting intends to appear at the Final Approval Hearing, either with or without counsel;

(h) A statement of his/her membership in the Settlement Class, including all information required by the Claim Form;

(i) The signature of the Person objecting, in addition to the signature of any attorney representing the Person objecting in connection with the Objection; and

(j) A detailed list of any other objection by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the

United States in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the Objection to the Settlement.

**Further Papers in Support of Settlement and Attorney's Fees Application**

25. No later than fourteen (14) days prior to the Objection Deadline, Plaintiff and Class Counsel shall file their Application for an Award of Attorneys' Fees and Expenses and proposed orders.

26. No later than fourteen (14) days prior to the Final Approval Hearing, Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement and proposed orders.

27. No later than seven (7) days prior to the Final Approval Hearing, Plaintiff and Class Counsel shall file their responses to timely filed Objections to the Settlement.

**Effect of Failure to Approve Settlement**

28. If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against Defendant or Plaintiff on any point of fact or law; and

(c) Neither the Settlement terms, any documents exchanged or disclosed by the Parties to

each other for settlement purposes, nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders, and public statements, may be used as evidence or otherwise referenced or referred to in any future proceeding.  In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, and/or any objections or interventions, may be used as evidence.

### Stay/Bar of Other Proceedings

29.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement.  Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf (including any attorneys) are enjoined from threatening, commencing, or prosecuting (either directly, representatively, or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims.

30.     Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| ACTION | DATE |
|---|---|
| Notice Date | September 26, 2022 |
| Motion for Class Counsel's Fee/Service Award | October 17, 2022 |
| Opt-Out and Objection Deadline | October 31, 2022 |
| Deadline to Submit Proof of Claim Form | October 31, 2022 |
| Motion for Final Approval | December 6, 2022 |
| Response to Objections | December 13, 2022 |
| Final Approval Hearing | December 20, 2022 at 10:00 A.M. |

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 19th day of September, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**